January 16, 1979

## 79-3    MEMORANDUM OPINION FOR THE ASSISTANT DIRECTOR, CRIMINAL INVESTIGATIVE DIVISION, FEDERAL BUREAU OF INVESTIGATION

### Privacy Act (5 U.S.C. § 552a(c))—Federal Bureau of Investigation—Transmission of Information Collected by FBI to State or Local Law Enforcement Agencies

This is in response to your request for our opinion whether the Federal Bureau of Investigation's (FBI's) disclosure to a local or State law enforcement agency of personal information obtained from another law enforcement agency would be subject to the accounting requirements of the Privacy Act, 5 U.S.C. § 552a(c). This memorandum will address not only this question, but also the question whether the Privacy Act permits these disclosures at all.

As we have previously advised you, the FBI may legitimately acquire information from one State or local agency and pass it to a different State or local agency. *See* 28 U.S.C. § 534(a). We understand that the FBI's current practice is to retain a copy of the transferred records for 6 months in the field office that handled the liaison work. The copies of the documents are kept in one file jacket; they are not indexed, but are retrievable by the individual's name.

We believe that under the FBI's current practices, the handling and transfer of the documents in question would be subject to the requirements of the Privacy Act. This Act generally applies to a "system of records," defined in the Act as

a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual. [5 U.S.C. § 552a(5).]

Since the documents in question appear to constitute a "group of records," under the control of the FBI, and may be retrieved by resort

to the use of an individual's name, they would seem to come within this definition[1] and hence within the general requirements of the Privacy Act.

Before addressing your inquiry whether an accounting of the disclosure of such records is required under the Privacy Act, we believe it is first necessary to determine whether the Act allows a disclosure of these records at all. The Act generally prohibits Federal agencies from disclosing any information from a system of records without the consent of the subject individual, unless the disclosure falls within a specific exception.[2] 5 U.S.C. § 552a(b). The only relevant exception would be a disclosure "for a routine use." 5 U.S.C. § 552a(b)(3). Federal agencies may use this exception, however, only if the statutory definition of a "routine use" has been satisfied, see 5 U.S.C. § 552a(a)(7), and the procedural requirements for delineating and establishing a routine use are met. 5 U.S.C. § 552a(e)(4)(D) and (e)(11); Privacy Act Guidelines, 40 F.R. 28949, 28954 (1975).

We believe that disclosure in this situation would satisfy the definition of a "routine use." That term is defined as "the use of such record for a purpose which is compatible with the purpose for which it is collected," and the records in question are collected by the FBI for the purpose of disclosing them to the pertinent State or local agency. However, we believe that a serious legal question exists whether the FBI has established a "routine use" under the procedural requirements of the Act. Federal agencies that maintain a system of records are required to:

* * *Publish in the Federal Register at least annually a notice of the existence and character of the system of records, which notice shall include—

(A) the name and location of the system;

(B) the categories of individuals on whom records are maintained in the system;

(C) the categories of records maintained in the system;

(D) each routine use of the records contained in the system, including the categories of users and the purpose of such use.

* * * * * * *

* * *At least 30 days prior to publication of information under paragraph [4](D) of this subsection, publish in the Federal Register notice of any new use or intended use of the information

---

[1] While the records appear to be maintained only on an informal and temporary basis, the fact that the records are maintained in a file available to all for a period of 6 months precludes any determination on our part that the records do not come within the definition of a "system of records."

[2] Although the Privacy Act does not define the term "disclosure," it seems clear to us that, since the FBI's transmittal of the records to the State or local agency would impart to that agency information "which in itself has meaning and which was previously unknown to the [agency] to whom it is imparted," *Harper* v. *United States*, 423 F. Supp. 192, 197 (D.S.C. 1976), the FBI would be "disclosing" information within the meaning of the Act.

in the system, and provide an opportunity for interested persons to submit written data, views, or arguments to the agency. [5 U.S.C. § 552a(e)(4)(A)–(D), e(11).]

The delineation of the FBI central records system, 43 F.R. 44683 (1978), the only system which, as we are informed, is relevant at all to this type of information, contains no indication that the FBI, in the course of facilitating State or local investigations, maintains files of information on those who are the subject of those investigations.[3] Even though this system of records provides for a broad routine use,[4] we do not think that this broad provision can apply to records that are not encompassed in the description of the records in the system. Since no routine use has been established, and since no other exception would allow disclosure, it would appear to us that disclosure is prohibited by the Privacy Act.

The underlying purpose of these provisions support our conclusion. Congress intended the requirements of disclosure set forth above to enable individuals to determine whether Federal agencies hold information on them, H. Rept. 1416, 93rd Cong., 2d sess. 2, 15 (1974). Also, the aim was to inform the public of the proposed uses of the information. *Id.* at 15; Privacy Act Guidelines, 40 F.R. 28949, 28966 (1975). The failure to identify the information in question in any system of records undermines both of these goals, because the public would have no knowledge of the fact that the information is stored or of the uses to which it is put. Since Congress intended that the "routine use" exception would apply only if such conditions were met, H. Rept. 1416, 93d Cong., 2d sess. 16 (1974), we do not believe that this exception may justify a transfer of the pertinent information.

We suggest several ways to alleviate the problem. The first would be to identify these records in the FBI Central Records System so that the routine use provision for that system could apply to these records. Another solution would be avoiding a "system of records" format of organizing the information transferred to the States or localities. This could be done, first, by not retaining any copies of the information; in this way there would be no file of records, and hence no "system of records" would exist, and therefore the Privacy Act would not apply.[5] A simpler way may be not to handle the records at all, and let the information be transferred directly from one State agency to another.

This question whether the accounting requirements of the Privacy Act apply to transfers under the suggested plans would depend on which plan

---

[3] The reference to "Domestic Police Cooperation," 43 F.R. 44684, does not, in our view, indicate that the FBI maintains such files.

[4] "Information from these files is disseminated to appropriate Federal, State, local and foreign agencies where the right and need to have access to this information exists." 43 F.R. 44693 (1978).

[5] The definition of "system of records" refers to "a *group* of any records" [emphasis added], and this would clearly suggest that a single record does not by itself constitute a system of records.

14

is adopted. If the FBI continues to maintain these files in a system of records, the accounting requirements in 5 U.S.C. § 552a(c) would apply to a disclosure of any record contained in that system. Since 5 U.S.C. § 552a(c) applies only to a "system of records," however, the requirements of that section would not apply if the FBI handles the information so as not to create a system of records.[6]

MARY C. LAWTON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[6] It is to be noted that, pursuant to this memorandum the FBI published in the *Federal Register* (44 F.R. 58920 (1979)) a modified system notice for its central records system. The FBI described its temporary maintenance of records relevant to the domestic police cooperation program.